FILED
2023 AUG 11 AM 11:59
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>HEATHER S. WHITE, et al.,<br><br>    Defendants. | **RESTRICTED FILER CASE REVIEW ORDER**<br><br>Case No. 2:23-rf-00495<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff David Webb was placed on filing restrictions by the court on August 5, 2016.[1]

The following filing restrictions were imposed upon Mr. Webb for future filings with the court:

1. The Clerk of the Court will collect any new civil complaint submitted by Mr. Webb in a case in which he seeks to proceed in forma pauperis and forward it to a magistrate judge for review.

2. The magistrate judge will review the complaint to determine whether it is meritless, duplicative, malicious, or frivolous.

3. If the magistrate judge determines the complaint lacks merit, duplicates prior filings, is malicious, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for final review.

4. If on review the Chief District Judge determines the complaint has merit, it will be filed. Otherwise, it will be returned to Mr. Webb without filing.

Consistent with these requirements, the clerk forwarded Mr. Webb's complaint in this matter to the undersigned magistrate judge for review to determine whether it is meritless, duplicative, malicious, or frivolous. After reviewing Mr. Webb's complaint and the attached documents, it is apparent the complaint is meritless.

---

[1] *See Webb v. Caldwell*, Case No. 1:15-cv-00059, Doc. No. 32.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Mr. Webb's complaint attempts to assert three claims: (1) Discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; (2) "Fraud-Upon-The-Court" under 42 U.S.C. § 1983; and (3) Vicarious Liability under Utah Code Ann. § 78-2-2-(1) (ECF 1). Plaintiff brings these claims against attorneys Heather S. White, Danica N. Cepernich, and Frank Mylar (Attorneys) as well as the "Ogden City Government & Weber County Government" (*id.*). The focus of Mr. Webb's Complaint appears to be his allegations of fraud upon the court in relation to *Webb v. Weber County Government et al.*, No. 1:11-cv-00112-DN-DAO (D. Utah).[2] While the factual allegations in the complaint are unclear, Mr. Webb appears to take issue with Ogden City and Weber County, as recipients of federal funding, hiring the Attorneys as outside counsel in *Webb v. Weber County*. Mr. Webb also takes issue with the immunity defenses asserted by the Attorneys in *Webb v. Weber County*. None of Mr. Webb's conclusory allegations rise to the level of fraud upon the court.[3] Moreover, Mr. Webb does not offer specific factual allegations regarding

---

[2] Although Mr. Webb makes references to discrimination and illegal detention (ECF 1 at 6), these allegations appear to be in reference to *Webb v. Weber County*.

[3] Fraud upon the court is "fraud which is directed at the judicial machinery itself . . . where the impartial functions of the court have been directly corrupted. *United States v. Buck*, 281 F.3d 1336, 1342 (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)). "To establish a claim for fraud upon the court, the moving party must show that the opposing party acted deliberately, with 'an intent to deceive or defraud the court.'" *Spahr v. Ferber Resorts,*

the conduct of each defendant or explain how such conduct harmed him or violated his rights. Instead, the complaint consists primarily of lengthy quotations from federal statutes and case law with little or no explanation or factual development. For these reasons, the complaint is meritless.

Therefore, Mr. Webb's complaint should not be accepted for filing and should be returned to him unfiled. Accordingly, I hereby forward Mr. Webb's complaint and related submissions to the Chief District Judge for review.

DATED this 8 August 2023.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

Upon final review, the undersigned concurs with the magistrate judge's analysis and conclusion that Mr. Webb's proposed Complaint is meritless and that be returned unfiled. The thrust of Mr. Webb's proposed Complaint is that the putative defendant attorneys who were his opposing counsel in a prior civil rights case Mr. Webb filed committed "fraud on the court" by advising their government entity and individual clients to assert immunity defenses Mr. Webb claims were legally unsound.

In this circuit, a fraud on the court is defined as "'fraud directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements, or perjury. . . . allegations of nondisclosure in pretrial discovery will not support an action . . . . It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where a judge has not performed his judicial function—thus where the impartial functions of the court

---

*LLC*, No. 2:08-CV-72-CW, 2011 WL 3626542, at *6 (D. Utah Aug. 17, 2011) (quoting *Buck*, 281 F.3d at 1342). A claim for fraud upon the court "must be established by 'clear and convincing evidence.'" *Id.* (quoting *Buck*, 281 F.3d at 1342). As the moving party, Mr. Webb has the burden of establishing fraud. *See id.*

have been directly corrupted.'" *Robinson v. Audi Atkiengellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1118 (10th Cir. 1985)). "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman,* 98 F.3d 542, 552 (10th Cir. 1996). A party claiming fraud on the court must plead a claim alleging, and in the end show, that a defendant acted with "intent to deceive or defraud the court." *Robinson*, 56 F.3d at 1267. And "'[g]enerally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.'" *Weese,* 98 F.3d at 552–53 (10th Cir. 1996) (citations omitted).

Mr. Webb in his putative Complaint seeks to sue former opposing counsel for advising their government clients to assert immunity defenses in a civil rights case he filed. As Judge Romero concluded, these allegations concerning evaluation and assertion of legal defenses, even if unsound as Mr. Webb claims, are on their face not allegations of the sort of egregious circumstances amounting to a fraud. Additionally, even if the assertion of unsound legal defenses could amount to fraud on the court, Judge Romero correctly noted that Mr. Webb's allegations are insufficiently detailed to establish such fraud. For these reasons, the undersigned orders that the materials Mr. Webb has submitted in this matter be returned to him unfiled. Any filing fee associated with Mr. Webb's filing in this matter shall be returned to him.

DATED this 11th day of August, 2023.

BY THE COURT:

_____
Robert J. Shelby
Chief United States District Judge